IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:09-825-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Antonio Merlin Harmon, ) | |
| ) | |
| Defendant. ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. The Government filed a response and motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded in opposition to the Government's motion, and moved for summary judgment. For the reasons set forth below, the Government's motion for summary judgment is **granted**, and this motion for relief under § 2255 is dismissed with prejudice.

### BACKGROUND

In 2009, Defendant was indicted in this District for his role in a drug distribution conspiracy, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and for possession of a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1). On February 5, 2010, Defendant appeared with counsel and after a thorough Rule 11 hearing, entered a plea of guilty to both counts. Because Defendant had a prior felony drug conviction, his guilty plea exposed him to a sentence of at least 120 months' imprisonment, with an additional five(5) years consecutive for the firearm offense. *See* 21 U.S.C. § 851.

On May 13, 2010, Defendant appeared for sentencing. Defendant was sentenced to 180 months' imprisonment. Defendant did not file a direct appeal of his convictions or sentence.

1

On August 21, 2012, Defendant filed the instant motion. Defendant's motion contains two Grounds for Relief. First, Defendant contends he is entitled to relief under the decision of *United States v. Simmons*, 649 F.3d 237 (2011), and that he is entitled to relief under the Fair Sentencing Act of 2010 (FSA). Second, Defendant contends that his prior state court convictions are not proper qualifying predicate offenses under 21 U.S.C. §§ 841(b)(1)(B) and 851.

### DISCUSSION

The court has reviewed the complete record in this case. For the reasons stated in the Government's response, which this court finds to be correct and adopts as its findings, the Government is entitled to summary judgment.[1] Moreover, even if *Simmons* was somehow applicable to either of Defendant's previous convictions,[2] contrary to Defendant's assertions, the Fourth Circuit has held that the relief in *Carachuri-Rosendo v. Holder*, 560 U.S. __, 130 S. Ct. 2577 (2010), as applied in *Simmons*, is not retroactively available in motions for relief under § 2255. *United States v. Powell*, 691 F.3d 554 (2012).

### CONCLUSION

For all the reasons noted above, the Government's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

---

[1]Defendant contends in his first Ground for Relief that he is entitled to relief under Amendment 750 to the Guidelines. Defendant's previous motion for relief under 18 U.S.C. § 3582(c)(2) was denied by Order filed December 15, 2011, as was his motion filed for reconsideration. Accordingly, the court declines to again address his claims relating to Amendment 750.

[2]Both of Defendant's prior state court convictions were State of South Carolina convictions. The *Simmons* decision applies narrowly to the structured sentencing regime in North Carolina in place at the time Simmons was sentenced for his North Carolina convictions.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 26, 2012